23-778. For the appellant, we have attorney Swearengin? Swearengin. I'm sorry about that. I will undoubtedly mangle any number of the names of those presenting here today and I apologize in advance. And Ms. Swearengin, I understand you would like to reserve three minutes for rebuttal, is that right? You may proceed whenever you're ready. Good morning, your honors. Kate Swearengin, Cohen Weiss, and Simon LLP for the appellant, Daniel Hauschild. As your honors are aware, this is this case's third trip up to the circuit. The appellant was a lead court security officer in the Southern District of New York for almost 24 years. The Marshals Service removed him in 2012 from that position. He had an immaculate record. He was the lead court security officer and he was removed contrary to the recommendation of his federal contractor employer, a call. As the district court concluded and this court later found, Mr. Hauschild had a property right in his continued employment as a court security officer and the Marshals Service was obliged to give him due process protections in connection with his removal. It did not do so. This case was remanded to the agency. The district court in its 2018 order noted that the reason or the reasons for Mr. Hauschild's removal were not apparent from the administrative record nor was the evidence that the agency relied upon in removing him and today Mr. Hauschild is still trying to find out why he was Okay, the obvious question is what did the Marshals Service not do that we and Judge Seibel ordered them to do? Your Honor, the Marshals Service should have explained either on its own or in response to counsel's letter whether Mr. Gurley, the author of the August 2020 letter, had any role in the original removal decision and what evidence he relied upon. Isn't it absolutely clear the reason why he was removed? Didn't the Marshals Service specify quite expressly both what he did and what was wrong with what he did? Your Honor, an issue with this case is that so much time has elapsed since the original removal and your honor... But what does the original removal have to do with it anymore? He got, he didn't, the original removal happened without due process. He was then, the Marshals Service was then ordered to provide him with a hearing and to provide him with a statement of reasons and they did that. So aren't we supposed to focus now on what they either, what they said was the reason for why he was terminated? Your Honor, the appellant's position is that the Marshals Service was obliged to explain the reason for his removal in 2012. But 2012 is gone. It's history. He's, now the question is was it appropriate, is it gave him a hearing now? And at the end of the hearing, they said what they found lacking in his performance, didn't they? Your Honor, they did. It's not clear that that was what it originally found lacking. The other issue... I guess I'm still puzzled and if you could help me with it. Why, if the head of the entire operation takes a look at the entire record and says, yeah, it was right that he be removed for the following reasons. Why, if there was some, something else that infected the original process, that's now been cured, hasn't it? Your Honor, it has not been cured because it's not clear whether the chief who issued the two remove, the two letters of explanation on remand played any part in the original removal decision and Goldberg v. Kelly says that you are entitled to a hearing before an impartial adjudicator and if an adjudicator was involved in the original decision that's being challenged, that person is not impartial. You're mixing two issues. It seems to me that you're mixing, I thought, were two distinct claims. One is I didn't receive notice of what the charges against me were and I thought that was cured by the August 2020 letter and I understand your arguments why I might not, but now you're arguing I wasn't given a neutral decision-maker, but I don't think notice of the charges against you subsumes a claim that I have a right to interrogate the agency about who's making the decision and whether they're neutral. It strikes me that those are two analytically distinct issues. Do you agree? Yes, Your Honor, they are distinct. So can we just go back to the first one, which is what I thought you were going back to with Judge Lynch, about what is it that you were not told about the charges? And then I thought your response was, well, we don't know what Gurley's involvement was, but that goes to whether you had a neutral decision-maker, not the nature of the charges. So can we just stick with the nature of the charges? What were you not told? Yes, Your Honor. Go ahead. I'm sorry. I didn't know. That's my question is what in your view on that claim, I understood you to be saying that there were two statements in the September 2021 clarification letter about the courthouse being left short-staffed and there having been a violation of performance standards that, in your view, were sort of additional bases for removal that had not been flagged earlier and therefore as to which you had not been afforded a chance to respond. Is that it or were there other things or were those not even things? Your Honor, the issues in the Gurley letter from the appellant's perspective is that, and as pointed out in our brief, if one were to read this, one comes away with the impression that the real issue here is that Hauschildt sent his brother to the judge's residence to perform plumbing work, dispatched a CSO with the brother, and then told the CSO not to stick around. Because if you read this, that's what was in the August 2021 letter consistently. So are you contesting, are you claiming you did not have notice of that? Your Honor, my client had notice of that, but this was framed as these were the points of concern that stood out to the Marshal Service at the time. And when my client, through counsel, wrote a letter saying what in particular was of concern, what is the issue, my client was told that the Marshal Service letter spoke for itself. Well, it does. The September letter, September 23rd, 2021, postdates the complaint. Both parties have raised it. I can't figure out how it's either integral to, incorporated by reference, or otherwise properly before the court on a 12b-6. So to the extent it brings up contrary bases, under your theory, for the termination, how is it even before us or how was it before the district court on a 12b-6? Well, Your Honor, the district court thought it was before it and considered it. I understand, but I'm speaking very frankly from my client's perspective, it was helpful rather than hurtful because this letter added things. This letter said there's a violation of performance standards. It didn't specify which ones, which begs the question, you know, if my client had known that, he would have been able to respond. And also omitted the reference to concerns from the district. Right, I don't necessarily disagree that it's helpful to your client, but you elected not to amend the complaint to bring it in and to assert any claims that actually relate to this sort of shifting theory idea. So regardless of what was held below and regardless of whether both parties have referenced it, under what theory is it integral to, incorporated by reference into, or otherwise the complaint, or otherwise properly before us at a 12b-6 stage? Your Honor, I haven't thought about this before, so this is a little bit on my feet, but I guess I would say that it was part of the administrative record. Yes, it postdated the complaint. My client didn't raise issues to its inclusion when the Marshal Service added it to the declaration. I guess the alternative would have been for my client to amend the complaint, to add these allegations, and we would be back in the same spot with the district court considering. Can I ask you this, are you waiving any claim that the district court's decision should be overturned by virtue of its September 2020, whatever it was, 2021 letter? No, Your Honor. You are claiming that it should be overturned based on its improper reliance on that letter? Your Honor, I didn't make that argument. Well, that's what I'm asking. On any basis that the district court's decision can be overturned, my client would be pleased. I should be rephrasing my question. Now that you're here, and the issue has been raised, do you claim now that a basis for overturning the district court's decision is its improper reliance on the September 2021 letter? Yes, Your Honor, if that allows... Wait, wait, wait, wait. You're the one that's relying on the 2021 letter because you're the one that's saying it's inconsistent with the 2020 decision. This is my question, Your Honor. Does that permit us now to amend the complaint to go back and to amend the complaint to... Well, that's on you, right? That's what I'm asking. Is this now something you are asserting as a basis for overturning? Because then my second question is, if so, why? Okay. And I know we're catching you. Yeah. I get it, but I think we need to know this. My client desires a more fulsome explanation and more process. And to us, it was helpful at the time that the Marshals Service had put this letter out. To us, it illustrated that the Marshals Service was willing to manufacture... So in other words, when you say, in your view, it was helpful to your client, you can't identify any prejudice that your client suffered as a result of the district court considering that letter. I mean, you asked the district court to consider the letter, right? Yes, Your Honor. We did not object to the district court considering the letter. Okay. And you cannot now discern any prejudice that you suffered as a result of that because you thought it was favorable to you. Is that fair? Your letter until it satisfied the... No, no, no. I'm not saying whether you're prejudiced by the letter existing. I'm saying, were you prejudiced by the district court's consideration of it? And it sounds to me that what you've been saying is, no. In fact, this was good for your client, for the judge to consider it. Just she didn't consider it the right way. Correct, Your Honor. She did not consider it the right way. Well, we've taken you considerably past your time. You have reserved three minutes for rebuttal. Why don't we hear from Attorney... Is it okay? May it please the court. Christine Poscoblo, United States Attorney's Office for Defendant Appellee, United States Martial Service. The district court properly found that Mr. Hauschildt received all the process he was due in connection with his removal from the court security program. And the district court's dismissal of the complaint should be affirmed. On this particular issue of the September 2021 letter, we had moved to dismiss in part on 12B1 grounds, mootness grounds, given that one of the avenues of relief that Mr. Hauschildt was seeking was an evidentiary hearing to the extent that there were factual issues in dispute as to the conduct that resulted in his removal. Because the September letter clarified that Chief Pritchard accepted as true all of the explanations that Mr. Hauschildt provided for his conduct, there was no basis for an evidentiary hearing. So, counsel, I didn't... The I was a little confused by why this was a mootness issue at all as opposed to simply a claim that as part of my process, I should have had a more fulsome hearing and the response being sort of at a 12B6 state of claim level, you didn't need a more fulsome hearing because there were no disputed facts about the central incident identified in the August 2020 letter as leading to your termination. But the actual complaint doesn't request a hearing. It says a declaration that I was removed without adequate notice or hearing, reinstatement, lost wages, and the sort of catch-all other relief. So that's where I got a little lost on the idea that this was a mootness and 12B1 issue. You're not asking the Judge Seibel for a hearing. No, what he wanted was further process on remand, some sort of evidentiary hearing to resolve... Put another way, you're not saying that this case is moot or that some piece of this case needs to be dismissed on jurisdictional grounds because there's nothing left for him to ask for. You're saying as a substantive matter, any claim that he should have gotten a adversarial cross-examination hearing is incorrect because there was no need for such a hearing given that the facts that he was asserting were accepted. Correct, Your Honor. Regardless, the case should be affirmed on 12B6 grounds as well. He, Mr. Hostow, Well, let me put it this way. I do not understand any argument that any piece of this case is literally moot, that there is no case or controversy because she's here explaining to us several controversies, several things that she wants that she still wants on behalf of her client. You're correct, Your Honor. It was only to the extent that throughout his complaint he alluded to needing an evidentiary hearing on remand. Yes, and you're saying that he did not need that, that due process did not provide that kind of relief. Yes, and what due process requires under the law here is that he be provided with notice of the conduct at issue, the evidence that the agency relied on, and an opportunity to respond, all of which his complaint and the correspondence in the record, even without the September 23rd letter, makes clear he received. And the Judge Seibel here properly balanced the factors required under Matthew versus Eldridge to determine that in this particular context this was all the two, and that there is no further relief that he needs to satisfy due process here. As far as Mr. Hostow's contention that he's entitled to review by a neutral third party, there's no support in the case law for that relief. He is in a situation here where the decision as to whether or not a CSO should continue in the court security program is committed to agency discretion by law, and that's what that means. It's not reviewable outside of the agency. And he has also, as the district court found, not made any showing of bad faith on the part of the decision-makers on remand. He has not identified any action that Assistant Chief Gurley or Chief Pritchard have taken that would suggest that their review of the record and their determination that he was, the removal should be upheld, was in any way a pretextual or the product of bad faith. I could continue on, but if the court has any other questions, unless the court has any other questions for us, I will rely on our papers. No, thank you very much. Why don't we hear from Attorney Swerden. Thank you. You've reserved three minutes. Thank you, Your Honors. Is there a point I could address further that I was less than clear about, or I could have answered more possibly earlier? I have a question for you. Yes. I understand that you're arguing that you were entitled to a neutral decision-maker. I can't find, again, you're getting the sense I'm anchored in the complaint here, because we're on 12 v. 6. I can't find in the complaint where you contend the decision-maker was not neutral. Your Honor, that is not pleaded in the complaint, to my recollection. I think that was a point that was fleshed out only in our legal argument about the adequacy of the process. That's useful to know, but either way, what is the evidence, if any, pleaded in the complaint or otherwise provided to the district court that the ultimate decision-maker here was biased by anything? Your Honor, it's not that the ultimate decision-maker was biased. It's pleaded in the complaint that the ultimate decision-maker came from within the agency. So that's just a strictly legal claim that he was entitled to a hearing before someone not in the agency. Well, Your Honor – Is that what you're saying? A little bit, Your Honor. Mr. Hauschild ideally would want a hearing before a neutral decision-maker. Well, I'd want a hearing before somebody that's biased in favor of me, but that's not – the question is, is that what the law requires? And the government's position is that there is no obligation to – absent some evidence of bias on the part of the actual decision-maker, there is no rule of law that says you get to have a hearing before an arbitrator or a judge or somebody picked at random out of the community to hear your dispute. So what is your response to that, that the marshal service has the right to make this decision? Not – there's no employment contract, there's no collective bargaining agreement that says that he gets an outside-the-agency decision-maker. What is the source of that? I think the answer to that, Your Honor, is that at the very least, Mr. Hauschild is entitled to a hearing before someone at the agency who was not involved in the original decision, and we don't know because the marshal service will not say in response to letters from counsel. Why do you mean not involved in the original decision? Isn't the question whether that person is fair or biased, and is there any indication here of what ulterior motive either Pritchard or Gurley had here? I understand there's some argument that he had enemies among his colleagues, the court security officers. Well, the marshal service stands apart from and above the court security officers. Is there any evidence that Gurley or Pritchard had some prior animosity for some extraneous reason toward Mr. Hauschild? Your Honor, my client has no such knowledge. He tried to get through his lawyer's letters information about Pritchard and Gurley's tenure. Is there anything in Goldberg v. Kelly or Matthews v. Eldridge or any due process decision that says that a due process hearing, the notice and opportunity to be heard, requires pre-hearing discovery of some kind? Not pre-hearing discovery, Your Honor. Your Honor, maybe discovery is not necessary. A declaration filed with the district court by Pritchard and or Gurley saying, yes, I was involved in the original decision. No, I was not involved in the original decision. But involvement in the original decision doesn't manifest bias. I mean, we'll do things up here by reversing a district court. They got it wrong, and then we send it back to them, right? Their having gotten it wrong doesn't constitute a manifestation of bias. And what I think the question is, is even assuming Gurley, Pritchard, any of these marshals, officials, were involved in the earlier decision, what do you have to suggest bias, not previous involvement in an erroneous decision? Nothing, Your Honor. That is an interesting question. I don't have it, but I would add, Your Honor, that Goldberg v. Kelly says at page 271 that prior involvement in some aspects of a case will not necessarily bar a welfare official from acting as a decision maker. He should not, however, have participated in making the determination under review. So that goes to the partiality of the adjudicator. Okay, thank you very much. We have your case. We understand it, and we will take the case under advisement. Thank you, Your Honor. Thank you both.